[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-13268
Non-Argument Calendar
_____

D.C. Docket No. 9:10-cr-80166-KLR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALLEN MARK LEVINSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____
(January 4, 2013)

Before HULL, EDMONDSON and BLACK, Circuit Judges.

PER CURIAM:

Allen Mark Levinson appeals his convictions and total sentence of 480

months' imprisonment for (1) using a computer to attempt to persuade, induce, entice, and coerce a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b); and (2) as a registered sex offender, committing a felony offense involving a minor, in violation of 18 U.S.C. § 2260A.  We affirm the sentence and conviction.

On appeal, Levinson argues that the district court abused its discretion by refusing to sever the counts for trial.  He further argues that the court abused its discretion in several of its evidentiary rulings.  In particular, Levinson challenges (a) the court's denial of Levinson's motions *in limine* to exclude evidence, under Fed.R.Civ.P. 404(b) and 414, that he had participated in hundreds of online chats involving sex with minors, that he possessed virtual and real child pornography, that he was convicted in 1998 for sexual abuse, and that he sexually abused his daughter when she was a minor; (b) the court's order, following a *Daubert*[1] hearing, excluding the testimony of Levinson's proposed expert in human sexuality, sexual fantasizing, and sexual role playing; (c) the court's order overruling Levinson's objections to the government's questions when it cross-examined Levinson on his settlement of his daughter's civil lawsuit against

---

[1] *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

him; and (d) the court's ruling denying Levinson's motion for mistrial following his objections to his son-in-law's testimony, presented during the government's case-in-chief, that Levinson's daughter wished to testify against him at trial but could not because she had suffered a stroke.  In addition to challenging these evidentiary rulings, Levinson argues that, by allowing testimony and thereafter instructing the jury that Levinson committed a crime under Florida law, the court improperly instructed the jury and relieved the government of its burden to prove every element of a charged offense.  Also, Levinson argues that the district court imposed a sentence that was unconstitutionally disproportionate.

## I.

We normally "undertake a two-step analysis to determine whether separate charges were properly tried at the same time." *United States v. Hersh*, 297 F.3d 1233, 1241 (11th Cir. 2002).  First, we review *de novo* whether the counts were properly joined under Fed.R.Crim.P. 8(a).  *Id.*  Rule 8(a) allows two or more offenses to be charged in the same indictment, in a separate count for each offense, "if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common

3

scheme or plan." Fed.R.Crim.P. 8(a). Second, we review for an abuse of discretion a district court's denial of a defendant's motion, pursuant to Fed.R.Crim.P. 14, to sever the counts. *Hersh*, 297 F.3d at 1241. To justify reversal of a district court's denial of a motion to sever, "the appellant must demonstrate that he received an unfair trial and suffered compelling prejudice." *United States v. Walser*, 3 F.3d 380, 386 (11th Cir. 1993) (quotations and citations omitted). Severance is not required when "the possible prejudice may be cured by a cautionary instruction." *Id.* at 387. A jury is presumed to follow the court's instructions. *United States v. Ramirez*, 426 F.3d 1344, 1352 (11th Cir. 2005).

Here, the charged offenses were properly joined because they arose out of the same series of facts, with the only difference between them being the requirement of proving an additional element for the § 2260A count: that Levinson was a registered sex offender. *See* 18 U.S.C. §§ 2422(b) and 2260A. Levinson has not met his burden of showing that the jury was unable to follow the court's limiting instruction to evaluate the two charged crimes independently of each other. Furthermore, in the light of all of the circumstances, including the substantial evidence of Levinson's guilt, Levinson could not have suffered prejudice from the jury's having heard evidence that he was a registered sex offender.

4

II.

We review a district court's evidentiary rulings for abuse of discretion. *United States v. Turner*, 474 F.3d 1265, 1275 (11th Cir. 2007). An erroneous evidentiary ruling does not require reversal, however, if the resulting error was harmless. *Id.* "[A] non-constitutional error is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the verdict, or had but very slight effect." *United States v. Arias*, 431 F.3d 1327, 1338 (11th Cir. 2005) (quotation omitted). "Overwhelming evidence of guilt is one factor that may be considered in finding harmless error." *United States v. Phaknikone*, 605 F.3d 1099, 1109-1111 (11th Cir.), *cert. denied,* 131 S.Ct. 642 (2010).

II(a).

Under Federal Rule of Evidence 404(b), prior act evidence may be admissible for such purposes as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed.R.Evid. 404(b). We employ a three-part test to determine whether evidence is admissible under

5

Rule 404(b), asking (1) if the evidence is "relevant to an issue other than the defendant's character," (2) if there is "sufficient proof so that a jury could find that the defendant committed the extrinsic act," and (3) if the evidence meets the other requirements of Fed.R.Evid. 403. *United States v. Jernigan*, 341 F.3d 1273, 1280 (11th Cir. 2003) (quotation omitted).

An exception to the limitations of Rule 404(b) exists for "child molestation" cases: Federal Rule of Evidence Rule 414(a) --

> In a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant.

So, evidence that a defendant engaged in child molestation in the past is admissible to prove that the defendant has a disposition of character that makes it more likely that he did commit the act of child molestation charged in the instant case. *See* Fed.R.Evid. 414(a).

Federal Rule of Evidence 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Fed.R.Evid. 403. "In evaluating the district court's ruling under Rule 403, we view the evidence in the light most favorable to admission, maximizing its probative value and minimizing its undue prejudicial impact." *United States v.*

6

*Bradberry*, 466 F.3d 1249, 1253 (11th Cir. 2006).

The evidence on Levinson's other internet chat sessions and possession of real and virtual child pornography was admissible under Rule 404(b). It was relevant to the issue of intent, was reliable, and was not substantially more prejudicial than probative. Only a very small sampling of the chats that were seized were actually presented to the jury, and the jury was instructed for the chats and child pornography to consider the evidence only for the purpose of determining whether the defendant had the state of mind or intent necessary to commit the crime charged in the indictment. The court actually gave multiple limiting instructions, including a final Rule 404(b) instruction.

The evidence of Levinson's 1998 conviction and alleged sexual abuse of his daughter was admissible under both Rule 404(b) and Rule 414. Even if there were some question as to the admissibility of the evidence, it would not necessitate reversal because there was overwhelming evidence of Levinson's guilt in this case.

## II(b).

Under the Federal Rules of Evidence, expert testimony is admissible if

7

(1) the expert is qualified to testify on the subject matter of his testimony; (2) the methodology that the expert used to reach his or her conclusions is sufficiently reliable; and (3) the expert's testimony will assist the trier of fact in understanding the evidence or in determining a fact at issue. *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (*en banc*); Fed.R.Evid. 702. Before permitting expert testimony, the district court must make a preliminary determination about whether the expert's methodology is reliable. *United States v. Brown*, 415 F.3d 1257, 1266 (11th Cir. 2005). We give particular deference to the district court's decision to admit or exclude expert testimony; and we will affirm unless the district court applied the wrong law, followed the wrong procedure, relied on clearly erroneous facts, or committed a clear error in judgment. *Id.*

The district court did not abuse its discretion in granting the government's motion *in limine* to exclude the testimony of Levinson's proposed expert witness, Dr. Marty Klein. Klein's opinions did not meet the *Daubert* standards for admissibility. "Considerable leeway" must be afforded to the district court in deciding the reliability of expert testimony, we accept the court's decision to exclude Klein's testimony. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152, 119 S.Ct. 1167, 1176, 143 L.Ed.2d 238 (1999).

8

II(c).

Evidence of the settlement of a claim is not admissible "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction."  Fed.R.Evid. 408(a).  Exceptions exist where the evidence is admitted for such purposes as "proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution."  Fed.R.Evid. 408(b).  This Court has held that Rule 408 applies to both criminal and civil proceedings.  *Arias*, 431 F.3d at 1336.

Levinson did not expressly make a Rule 408 objection at trial.  Even under review for preserved error, however, we affirm the district court's decision.  The court's admission of evidence that Levinson had settled his daughter's lawsuit against him was, at most, harmless error in the light of the overwhelming evidence of Levinson's guilt in this case.

II(d).

Under the Confrontation Clause, "testimonial hearsay" is inadmissible,

9

unless the declarant is unavailable, and the defendant had a prior opportunity for cross-examination. *Crawford v. Washington*, 541 U.S. 36, 68, 124 S.Ct. 1354, 1374, 158 L.Ed.2d 177 (2004). Where a defendant objected on hearsay grounds, but did not mention the Confrontation Clause or *Crawford*, our review is for plain error only. *United States v. Chau*, 426 F.3d 1318, 1321-22 (11th Cir. 2005). "An appellate court may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005) (quotation omitted). "The decision of whether to grant a mistrial lies within the sound discretion of a trial judge as he or she is in the best position to evaluate the prejudicial effect of improper testimony." *United States v. Perez*, 30 F.3d 1407, 1410 (11th Cir. 1994).

Levinson did not preserve a *Crawford* objection at trial. We do not see plain error. Furthermore, even if there were plain error, it would not have affected Levinson's substantial rights. The district court gave a curative instruction. Levinson's son-in-law's testimony was not "so highly prejudicial as to be incurable by the trial court's admonition." *Perez*, 30 F.3d at 1410. Thus, the district court did not abuse its discretion by denying Levinson's motion for mistrial.

10

III.

We review *de novo* whether the jury instructions "misstated the law or misled the jury to the prejudice of the objecting party." *United States v. Felts*, 579 F.3d 1341, 1342 (11th Cir. 2009). "The district court has broad discretion in formulating a jury charge so long as the charge . . . accurately reflects the law and the facts," of the case. *United States v. Richardson*, 233 F.3d 1285, 1292 (11th Cir. 2000). We will only reverse a conviction if, after examining the entire charge, we determine that the issues of law were inaccurately presented or the charge improperly guided the jury in such a substantial way as to violate due process. *Id.* A jury instruction must not relieve the government of its burden of proving every element of an offense. *United States v. Dean*, 517 F.3d 1224, 1231 (11th Cir. 2008).

The district court did not charge the jury that Levinson had violated Florida law. It specifically instructed the jury that, for a violation of § 2422(b), the government had to "prove that one or more individuals engaged in the sexual activity could have been charged with a criminal offense under the laws of the state of Florida." The court's instruction would have cured any arguable error

11

arising from the admission of testimony that Levinson violated Florida law.

Moreover, any such error would have been harmless, because of the overwhelming

amount of evidence supporting the jury's verdict.

IV.

"The Eighth Amendment, which forbids cruel and unusual punishments,

contains a *narrow* proportionality principle that applies to noncapital sentences."

*United States v. Lyons*, 403 F.3d 1248, 1256 (11th Cir. 2005) (quotation omitted).

The proportionality principle "forbids only extreme sentences that are grossly

disproportionate to the crime." *United States v. Farley*, 607 F.3d 1294, 1343 (11th

Cir.) (citation and quotation omitted), *cert. denied*, 131 S.Ct. 369 (2010). When

addressing an Eighth Amendment proportionality challenge,

> a court must make a threshold determination that the sentence
> imposed is grossly disproportionate to the offense committed. The
> defendant has the burden of making that showing. If the sentence is
> grossly disproportionate, the court must then consider the sentences
> imposed on others convicted in the same jurisdiction and the
> sentences imposed for commission of the same crime in other
> jurisdictions.

*United States v. Johnson*, 451 F.3d 1239, 1243 (11th Cir. 2006) (citations and

quotations omitted). "In general, a sentence within the limits imposed by statute is

12

neither excessive nor cruel and unusual under the Eighth Amendment." *Id.* (quotation and citation omitted).

Levinson's sentence was not grossly disproportionate to his crimes. Because Levinson has not shown that this case is the rare case in which "a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality," we need not engage in a comparison of his sentence to the sentences authorized or required under other statutes in this or another jurisdiction. *See Farley*, 607 F.3d at 1345.

**Conclusion**

The evidence of guilt is strong here. Based on reviews of the record and the parties' briefs, we conclude that the district court did not commit reversible error. No abuse of discretion in its ruling on Levinson's severance motion, nor in its evidentiary rulings has been shown. The district court did not improperly relieve the government of its burden to prove one of the elements of a charged offense. The sentence it imposed was not unconstitutionally disproportionate.

AFFIRMED.

13