**FIRST DIVISION**
**PHIPPS, C. J.,**
**DOYLE, P. J. and BOGGS, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**June 23, 2015**

# In the Court of Appeals of Georgia

A15A0473. EUBANKS v. THE STATE.                                    DO-019 C

DOYLE, Presiding Judge.

Following his conviction for child molestation,[1] Roy Lucius Eubanks appeals from the denial of his motion for new trial. He contends that (1) the trial court erred by admitting evidence of a prior act of molestation because the probative value was substantially outweighed by its unfairly prejudicial effect, (2) the trial court erroneously charged the jury regarding the prior bad act evidence, and (3) the evidence was insufficient to prove intent. Finding no error, we affirm.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict and an appellant no longer enjoys the presumption of

---

[1] OCGA § 16-6-4 (a) (1).

innocence."[2] So viewed, the evidence shows that 11-year-old M. T.'s family began living with Eubanks, a relative. One night, Eubanks invited M. T. and her two younger siblings to sleep in his bedroom while he slept in the living room. As M. T. was falling asleep, she felt Eubanks penetrate her vagina with his finger. Despite M. T.'s protest, Eubanks did not stop until M. T.'s step-father happened to emerge from a nearby bedroom. At that point, Eubanks left his bedroom and resumed watching television in the living room.

The following day, M. T. reported the abuse to her step-father, who took M. T. to see her great aunt, whom he knew to be "good with kids." M. T. then described the abuse in more detail to the great aunt, who contacted the Department of Family and Children Services the following Monday morning. Based on an investigation by the sheriff's department, including a forensic interview, Eubanks was arrested and charged with one count of child molestation. Eubanks was tried and found guilty by a jury, and his motion for new trial was denied, giving rise to this appeal.

1. Eubanks contends that the trial court erred by admitting evidence pursuant to OCGA § 24-4-414 (a) that he committed prior acts of child molestation. Specifically, he argues that the evidence should have been excluded under OCGA §

---

[2] *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004).

24-4-403 because the probative value of the evidence was substantially outweighed by its unfairly prejudicial effect. We review such an evidentiary ruling for an abuse of discretion,[3] and we discern no such abuse here.

OCGA § 24-4-414 (a) provides that "[i]n a criminal proceeding in which the accused is accused of an offense of child molestation, evidence of the accused's commission of another offense of child molestation shall be admissible and may be considered for its bearing on any matter to which it is relevant." At Eubanks's trial, the State introduced evidence that he had committed several acts of child molestation by digitally penetrating a girl from the time she was five to the time she was twelve years old, ending approximately seventeen years prior to Eubanks's trial in this case. Eubanks argues that this evidence, while relevant, should have been excluded under OCGA § 24-4-403, which provides that "[r]elevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice,

---

[3] See *United States v. King*, 713 F.2d 627, 631 (III) (11th Cir. 1983) (in making the determination as to the admissibility of evidence under Federal Rule 403, the trial "court is accorded broad discretion, which we review only for clear abuse."). *Curry v. State*, 330 Ga. App. 610, 613 (1) (768 SE2d 791) (2015) ("because our new Evidence Code is comparable to the Federal Rules of Evidence, this Court will 'give consideration and great weight to constructions placed on the Federal Rules by the federal courts.'").

confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

"This determination lies within the discretion of the [trial] court and calls for a common sense assessment of all the circumstances surrounding the extrinsic offense, including prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness."[4] Here, the circumstances of the prior molestation were that Eubanks molested a niece during times she visited her father, who was Eubanks's brother. The age of the victim during the abuse overlapped with the age of the victim in this case, and the manner of abuse was the same. These similarities make "the other offense highly probative with regard to the defendant's intent in the charged offense."[5] Further, in the face of Eubanks's attacks on the victim's credibility, the State was able to use the evidence to show that Eubanks had a motive of seeking nonconsensual sexual contact with a minor, which was important

---

[4] (Punctuation omitted.) *United States v. Perez*, 443 F3d 772, 780 (II) (11th Cir. 2006).

[5] *United States v. Brimm*, __ F3d __ (I) (B) (Case No. 13-10392, 11th Cir. Apr. 28, 2015) (per curiam) (evidence of prior sex offense against a minor admissible in subsequent prosecution for same), quoting *United States v. Ramirez*, 426 F3d 1344, 1354 (II) (D) (11th Cir. 2005).

in this case because the victim only complained of a single, isolated incident.[6]

Although somewhat remote in time, the remoteness itself did not require exclusion because of the similarity of the events and the resulting probative value of the challenged evidence.[7] Finally, the trial court gave a limiting instruction to mitigate the risk of undue prejudice, reminding the jury "to keep in mind the limited use and the prohibited use of this evidence about the other acts of the defendant." Under these circumstances, we discern no abuse of the trial court's discretion in admitting the evidence of Eubanks's similar prior sexual misconduct against a minor victim.

2. Eubanks next contends that the trial court erroneously instructed the jury that it could consider the evidence of his prior molestation to show a "disposition to commit the act of child molestation." "On appeal, we read the jury charges as a whole to determine the presence of any error."[8]

---

[6] See *Brimm*, __ F3d at __ (I) (D) (per curiam) (evidence of prior sex offense against a minor was "highly probative" of motive during prosecution for similar sex offense).

[7] See id. (I) (A) (per curiam) (evidence of crimes committed in 1991, 1997, and 2001 deemed admissible in 2013 trial).

[8] *Franklin v. State*, 295 Ga. 204, 208 (3) (758 SE2d 813) (2014).

5

Eubanks argues that the court's charge invited the jury to make an improper inference as to his character. But the General Assembly's recent adoption of the New Evidence Code belies this argument. In child molestation cases, the new Code explicitly provides that "evidence of the accused's commission of another offense of child molestation *shall* be admissible and may be considered for its bearing on any matter to which it is relevant."[9] Courts interpreting this language[10] have concluded that, in this specific context, showing a disposition toward molestation is a relevant purpose and not unfairly prejudicial in light of the nature of that conduct: "evidence that a defendant engaged in child molestation in the past is admissible to prove that the defendant has a disposition of character that makes it more likely that he did

---

[9] (Emphasis supplied.) OCGA § 24-4-414 (a).

[10] "The Supreme Court of Georgia recently held that where the new Georgia rules mirror their federal counterparts, it is clear that the General Assembly intended for Georgia courts to look to the federal rules and how federal appellate courts have interpreted those rules for guidance. Additionally, in the event of any conflicting interpretations between the Eleventh Circuit and other federal circuit courts, we must follow the Eleventh Circuit rule. The new Georgia evidence rule governing the admission of other crimes [in child molestation cases], OCGA § [24-4-414 (a)], tracks Federal Rule of Evidence [414 (a)]. . . ." (Citations and punctuation omitted.) *Amey v. State*, 331 Ga. App. 244, 247-248 (1) (770 SE2d 321) (2015).

commit the act of child molestation charged in the instant case."[11] We see no reason to depart from the Georgia legislature's recent and clear statement of policy on this issue. Furthermore, the trial court cautioned the jury not to consider the evidence for an improper purpose. Taken as a whole, this charge was a correct statement of law and presents no basis for reversal.

---

[11] *United States v. Levinson*, 504 Fed. Appx. 824, 827 (II) (a) (11th Cir. 2013), cert. denied by *Levinson v. United States*, 134 SCt 129 (187 LEd2d 38) (2013). This is conceptually consistent with Georgia's prior case law regarding trials for child molestation under the old evidence rules, which extended the admission of similar transaction evidence most liberally in cases involving sexual offenses "because such evidence tends to establish that a defendant has such bent of mind as to initiate or continue a sexual encounter without a person's consent. [This was particularly true in cases involving] the sexual molestation of young children or teenagers, regardless of the type of act. . . ." (Citations and punctuation omitted.) *Dean v. State*, 321 Ga. App. 731, 734 (1) (b) (742 SE2d 758) (2013). See also *Chapman v. State*, 318 Ga. App. 514, 521 (3) (733 SE2d 848) (2012) ("It is well settled, particularly in cases involving sexual offenses, that similar transactions may be admitted for the purpose of establishing bent of mind. Evidence of an earlier assault on a woman is material to the issue of consent or lack thereof and has a direct bearing on a defendant's bent of mind.") (punctuation omitted).

3. Finally, Eubanks contends that the evidence was insufficient to prove that he acted with the intent to arouse or satisfy his own or the victim's sexual desires.[12] We disagree.

> Intent, which is a mental attitude, is commonly detectable only inferentially, and the law accommodates this. While a person is not presumed to act with criminal intention, intent is a question of fact to be determined upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted.[13]

Further, when an appellate court reviews the sufficiency of the evidence,

> the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal

---

[12] See OCGA § 16-6-4 (a) ("A person commits the offense of child molestation when such person . . . [d]oes any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person . . . .").

[13] (Footnotes and punctuation omitted.) *Parrott v. State*, 318 Ga. App. 545, 552 (3) (736 SE2d 436) (2012).

conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution.[14]

As noted above, there was properly considered evidence showing that Eubanks had a disposition to sexually molest underage girls, especially in the same particular manner of which he was accused here. Further, there was evidence supporting an inference that Eubanks attempted to conceal his behavior by ensuring the victim would be in his own bedroom and stopping when interrupted by another household member awakening. These facts, along with the victim's unheeded protests, were sufficient to prove the requisite intent for the charged offense.[15] Based on the record before us, this enumeration presents no basis for reversal.

*Judgment affirmed. Phipps, C. J., and Boggs, J., concur.*

---

[14] (Citation omitted; emphasis in original.) *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

[15] See *Hunter v. State*, 194 Ga. App. 711, 713 (3) (391 SE2d 695) (1990).