**SECOND DIVISION**
**DOYLE, C. J.,**
**MILLER, P. J., and REESE, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 9, 2017**

# In the Court of Appeals of Georgia

A17A0364. THE STATE v. MCPHERSON.

REESE, Judge.

In this child molestation case, the State of Georgia appeals from an order excluding similar transaction evidence of prior acts of child molestation allegedly committed by the defendant, Dr. Kenneth McPherson. For the reasons set forth, infra, we reverse.

The record shows the following facts. After law enforcement officers received complaints that McPherson, a child psychologist, had molested some of his young patients, McPherson was arrested and indicted on seven counts of child molestation, OCGA § 16-6-4 (a) (1), and one count of sexual exploitation of a minor, OCGA § 16-12-100 (b) (8). Specifically, McPherson was charged with molesting four boys and one girl by, inter alia, showing them his penis, by touching the boys' penises, by

having the female child take off all of her clothes except her underwear, and/or by showing them photographs of children and adults in various stages of undress. McPherson was also charged with possessing a photograph that depicted one of the boys engaging in sexually explicit conduct in the form of a "lewd exhibition" of his genitals.

The State filed a notice of intent to introduce evidence of acts of child molestation McPherson allegedly committed between 1979 and 1981, involving a boy under the age of 12. According to the State, the evidence was relevant and admissible because it was

> "[e]vidence of other crimes, wrongs, or acts" within the meaning of OCGA § 24-4-404 (b), and generally fit[ ] within the definition of "the accused's commission of another offense of child molestation" within the meaning of OCGA § 24-4-414 (a), and [was] relevant to prove [McPherson's] "intent . . . plan, knowledge, motive . . . [and] absence of mistake or accident" as permitted by OCGA § 24-4-404 (b).

McPherson filed a motion to exclude the evidence, arguing that the alleged similar transaction was too remote in time, and that the State's notice of intent was not timely filed.

2

During a hearing on the motion, the prosecutor told the court that, at some point after the media publicized the case against McPherson, a man called the district attorney's office and reported that he had been molested by McPherson several years earlier, when he was in elementary school. According to the prosecutor who was later assigned to the case, she first learned about the man's phone call while going through a box containing a "voluminous" amount of evidence on February 26, 2016, a few days before trial was scheduled to begin on March 7, 2016. She filed a notice of intent to present the similar transaction evidence, and then interviewed the man in person in order to get more information. During the interview, the man stated that the acts were committed between 1979 and 1981, and that his family knew McPherson, who was between 22 and 24 years old at that time, through the family's church. McPherson often brought the boy and his brother gifts, took them to football games, and had them stay overnight with him. During these visits, McPherson let the boys know that he had an erection, joking about it and exposing his penis to them. According to the man, McPherson also made him expose his penis and climbed into bed with him, rubbing his erection against the boy's back.

The prosecutor argued that the similar transactions were similar to the crimes at issue, because McPherson was supervising the children at the time the conduct

3

took place, he offered the children gifts to gain their affection and to "groom" them, and his conduct toward the boys was almost exactly like his conduct toward the children in the instant case. She argued, therefore, that evidence of McPherson's prior conduct demonstrated his sexual or lustful disposition toward children in that age range and, as a result, was admissible.

Following the hearing, the trial court granted the motion to exclude, but did not provide a reason for its decision or the basis for its finding that the evidence was inadmissible in this case. This appeal followed.[1]

The Georgia General Assembly adopted a new Evidence Code in 2011, and the new Code applies in this case.[2] As part of the Code's revision, the General Assembly enacted a new statute, OCGA § 24-4-414 (a), which provides that, "[i]n a criminal proceeding in which the accused is accused of an offense of child molestation, evidence of the accused's commission of another offense of child molestation shall be admissible and may be considered for its bearing on any matter to which it is relevant." Given the express direction that evidence of prior sexual offenses

---

[1] See OCGA § 5-7-1 (a) (5) (authorizing the State of Georgia to appeal from an order excluding evidence).

[2] See Ga. L. 2011, p. 99, § 1. The provisions of the new Evidence Code became effective on January 1, 2013. See Ga. L. 2011, p. 99, § 101.

committed by the defendant "shall be admissible," OCGA § 24-4-414 (a) and two related statutes, OCGA §§ 24-4-413 (a) and 24-4-415 (a),[3] have been construed as creating "a rule of inclusion, with a strong presumption in favor of admissibility."[4] Further, evidence admitted under these statutes is not subject to the limitations of OCGA § 24-4-404 (b),[5] but, instead, "may be considered for its bearing on any matter to which it is relevant," including whether the evidence demonstrates that the

---

[3] See OCGA §§ 24-4-413 (a) ("In a criminal proceeding in which the accused is accused of an offense of *sexual assault*, evidence of the accused's commission of another offense of *sexual assault* shall be admissible and may be considered for its bearing on any matter to which it is relevant.") (emphasis supplied); 24-4-415 (a) ("In a civil or administrative proceeding in which a claim for damages or other relief is predicated on a party's alleged commission of conduct constituting an offense of *sexual assault* or an offense of *child molestation*, evidence of that party's commission of another offense of *sexual assault* or another offense of *child molestation* shall be admissible and may be considered as provided in Code Sections 24-4-413 and 24-4-414.") (emphasis supplied).

[4] *Steele v. State*, 337 Ga. App. 562, 566 (3) (788 SE2d 145) (2016) (citations omitted); see generally Ronald L. Carlson & Michael Scott Carlson, Carlson on Evidence, pp. 213-214 (5th ed. 2016).

[5] OCGA § 24-4-404 (b) provides that, while evidence of other crimes, wrongs, or acts committed by the defendant are not admissible to prove that he has a propensity to commit such offenses, such evidence may "be admissible for other purposes, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

5

defendant had a propensity to commit certain sexual offenses.[6] As this Court has held, under OCGA § 24-4-414 (a),

> showing a disposition toward molestation is a relevant purpose and not unfairly prejudicial in light of the nature of that conduct[. Thus, evidence] that a defendant engaged in child molestation in the past is admissible to prove that the defendant has a disposition of character that makes it more likely that he did commit the act of child molestation charged in the instant case.[7]

Even so, evidence that is admissible under these statutes may be excluded if the trial court concludes that "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury[.]"[8] The

___

[6] See *Eubanks v. State*, 332 Ga. App. 568, 571 (2) (774 SE2d 146) (2015); see also *Arbegast v. State*, 332 Ga. App. 414, 417 (2) (a), n. 1 (773 SE2d 283) (2015) ("[I]n general, the new Evidence Code eliminates bent of mind and course of conduct as permissible purposes for the admission of similar transaction evidence. But in criminal proceedings in which the defendant is accused of a sexual assault or child molestation, the new Code includes provisions for the admission of certain prior sexual assaults or child-molestation offenses for bearing on any matters to which they are relevant.") (citations and punctuation omitted); see generally Ronald L. Carlson & Michael Scott Carlson, Carlson on Evidence, p. 214 (5th ed. 2016).

[7] *Eubanks*, 332 Ga. App. at 571 (2) (punctuation and footnotes omitted).

[8] OCGA § 24-4-403; see *Chase v. State*, 337 Ga. App. 449, 455 (3) (a) (787 SE2d 802) (2016) ("[I]t is only *unfair* prejudice, *substantially* outweighing probative value, which permits exclusion of relevant matter.") (punctuation and footnote omitted; emphasis in original); see also *United States v. McGarity*, 669 F3d 1218,

6

determination as to whether to exclude evidence for any of these reasons "calls for a common sense assessment of all the circumstances surrounding the [previous] offense, including prosecutorial need, overall similarity between the [previous] act and the charged offense, as well as temporal remoteness."[9] Indeed, exclusion of otherwise probative and relevant evidence under OCGA § 24-4-403 "is an extraordinary remedy which should be used only sparingly."[10] Ultimately, a trial

---

1244 (V) (B), n. 32 (11th Cir. 2012) (evidence admitted under Federal Rules of Evidence Rule 414 (a) must also satisfy Rule 403); *Parker v. State*, 296 Ga. 586, 592 (3) (a) (769 SE2d 329) (2015) ("Our new Evidence Code was based in large part on the Federal Rules of Evidence. And where the new Georgia rules mirror their federal counterparts, it is clear that the General Assembly intended for Georgia courts to look to the federal rules and how federal appellate courts have interpreted those rules for guidance.") (citation omitted); *Eubanks*, 332 Ga. App. at 571 (2), n. 10 (OCGA § 24-4-414 (a) tracks the language of Federal Rule of Evidence 414 (a).); *Williams v. State*, 328 Ga. App. 876, 879 (1) (763 SE2d 261) (2014) (OCGA § 24-4-403 tracks the language of Federal Rule of Evidence 403); see generally Ronald L. Carlson & Michael Scott Carlson, Carlson on Evidence, pp. 216-217 (5th ed. 2016).

[9] *Eubanks*, 332 Ga. App. at 570 (1) (punctuation and footnote omitted). See *Olds v. State*, 299 Ga. 65, 76 (2) (786 SE2d 633) (2016) (The probative value of evidence depends, in part, upon the need for the evidence. "When the fact for which the evidence is offered is undisputed or not reasonably susceptible of dispute, the less the probative value of the evidence." In contrast, "the more strongly an issue is contested, the greater the justification for admitting other act evidence bearing on the point.") (citation, punctuation, and footnote omitted).

[10] *Olds*, 299 Ga. at 70 (2) (citation, punctuation, and footnote omitted). Accord *United States v. Lopez*, 649 F3d 1222, 1247 (VII) (11th Cir. 2011) (Federal Rule of Evidence 403 "is an extraordinary remedy which the [trial] court should invoke

court's decision on whether to admit evidence under one of these statutes "will be overturned only where there is a clear abuse of discretion."[11] With these guiding principles in mind, we turn now to the specific claims of error on appeal.

1. The State contends that the trial court abused its discretion in excluding the evidence of prior acts of child molestation allegedly committed by McPherson, arguing that OCGA § 24-4-414 (a) specifically states that such evidence "shall be admissible." The State also argues that the evidence is necessary to demonstrate McPherson's intent, i.e., that he committed the acts "with the intent to arouse or

---

sparingly, and the balance should be struck in favor of admissibility. Rule 403 requires a court to look at the evidence in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact.") (citations and punctuation omitted); see *United States v. Meacham*, 115 F3d 1488, 1492 (I) (B) (10th Cir. 1997) ("To implement the legislative intent, the courts must liberally construe [Federal Rule of Evidence 414] to provide the basis for a fully informed decision of sexual assault and child molestation cases, including assessment of the defendant's propensities and questions of probability in light of the defendant's past conduct. [While] Rule 403 balancing is still applicable, . . . clearly under Rule 414 the courts are to liberally admit evidence of prior uncharged sex offenses.") (citation and punctuation omitted); *Williams*, 328 Ga. App. at 879-880 (1) ("The primary function of [Federal Rule of Evidence] 403 . . . is to exclude evidence of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect.") (punctuation and footnote omitted).

[11] *Steele*, 337 Ga. App. at 565-566 (3) (citations and punctuation omitted).

8

satisfy the sexual desires of either the child[ren] or [himself]."[12] According to the State, it expects McPherson to claim at trial that the conduct for which he was charged was part of his treatment of the children and occurred during "benign" therapy sessions.[13] In addition, the State argues that the similar transaction evidence is necessary to show that McPherson committed similar acts with a young child long before he became a child psychologist and while he and the child were in a social, not therapeutic, setting.

Pretermitting whether the State raised these specific arguments about McPherson's anticipated defenses in the trial court, we find no basis in the record to support the "extraordinary remedy"[14] of excluding this evidence as unduly prejudicial under OCGA § 24-4-403, particularly given the strong statutory presumption of

_____

[12] See OCGA § 16-6-4 (a) (1).

[13] Notably, to the extent the State's brief referred to testimony from the trial transcript of an unrelated case, referred to documents outside the record, or proffered a "hypothetical cross-examination" of the defendant, this Court has disregarded these passages in deciding this appeal. See *Locke's Graphic & Vinyl Signs v. Citicorp Vendor Finance*, 285 Ga. App. 826 (1) (648 SE2d 156) (2007) ("A brief cannot be used in lieu of the record or transcript for adding evidence to the record; we must take our evidence from the record and not from the brief of either party.") (punctuation and footnote omitted).

[14] See *Olds*, 299 Ga. at 70 (2).

admissibility and in light of the close similarities between the crimes at issue.[15] There has been no showing that the evidence would confuse the issues, mislead the jury, waste time, or be cumulative of other evidence, or that the probative value of the evidence would otherwise be "substantially outweighed" by its prejudicial impact.[16] As noted above, the prejudicial impact of evidence of similar transactions in child molestation cases is generally considered to be outweighed by its probative value in demonstrating an accused's disposition toward committing a molestation.[17] In fact, when the defendant's intent in committing certain acts is a strongly contested issue at trial, as is the case here, evidence that he committed prior similar acts tends to

---

[15] See generally *Steele*, 337 Ga. App. at 567 (3).

[16] See OCGA § 24-4-403; *Williams*, 328 Ga. App. at 879 (1); see also *United States v. St. Claire*, 831 F3d 1039, 1042 (II) (A) (8th Cir. 2016) (The Court concluded that, with respect to whether the probative value of the similar transaction victim testimony was "substantially outweighed by the risk of unfair prejudice, [her] testimony [was] not unfairly prejudicial because it [was] so similar to the acts charged, it would not be so facially inflammatory as to unduly divert attention from the issues of the case.") (citations and punctuation omitted).

[17] See *Eubanks*, 332 Ga. App. at 571 (2).

10

demonstrate his intent and, thus, has more probative value, which further justifies its admission.[18]

Further, the fact that the prior acts were committed about 35 years earlier does not automatically require their exclusion.[19]

> Exclusion of proof of other acts that are too remote in time caters principally to the dual concerns for relevance and reliability. The evaluation of the proffered evidence in light of these concerns must be made on a case-by-case basis to determine whether the significance of the prior acts has become too attenuated and whether the memories of

---

[18] See *Olds v. State*, 299 Ga. at 76 (2); see also *Bradshaw v. State*, 296 Ga. 650, 656-657 (3) (769 SE2d 892) (2015) ("With regard to intent, a defendant who enters a not guilty plea makes intent a material issue which imposes a substantial burden on the government to prove intent, which it may prove by qualifying [prior acts] evidence absent affirmative steps by the defendant to remove intent as an issue. Where the extrinsic offense is offered to prove intent, its relevance is determined by comparing the defendant's state of mind in perpetrating both the extrinsic and charged offenses.") (citation and punctuation omitted).

[19] See *Eubanks*, 332 Ga. App. at 570 (1) (holding that the fact that a prior act of child molestation occurred in the past did not automatically require exclusion, given the similarity of the acts and the resulting probative value of the challenged evidence); see also *United States v. Reynolds*, 720 F3d 665, 671 (III) (A) (8th Cir. 2013) ("[W]hen Congress enacted [Federal Rule of Evidence] 414, it expressly rejected imposing any time limit on the admission of prior sex offense evidence[.]") (citation omitted); *United States v. Meacham*, 115 F3d at 1492 (I) (B) ("No time limit is imposed on the uncharged offenses for which evidence may be admitted; as a practical matter, evidence of other sex offenses by the defendant is often probative and property admitted, notwithstanding very substantial lapses of time in relation to the charged offense or offenses.") (citations omitted).

11

the witnesses has likely become too frail. Neither [Federal Rules of Evidence] Rule 403 nor any analogous Rule provides any bright-line rule as to how old is too old.[20]

In this case, there has been no showing that the potential witness' memory about the alleged incidents is either impaired or patently unreliable. Moreover, this Court has recently found no abuse of discretion in the admission of similar transactions that occurred about 44 years before the crimes charged.[21] In fact, even before the General Assembly adopted the more liberal "rule of inclusion" for evidence of prior acts of child molestation,[22] Georgia's appellate courts concluded that, despite substantial

---

[20] *United States v. Larson*, 112 F3d 600, 605 (II) (A) (2nd Cir. 1997). Accord *United States v. Reynolds*, 720 F3d at 671 (III) (A); *United States v. Meacham*, 115 F3d at 1492 (I) (B).

[21] See *Harris v. State*, ___ Ga. App. ___, ___ (1) (b) (___ SE2d ___) (2017) (Case No. A16A2041, decided 3/16/17) (evidence of prior acts of child molestation were properly admitted even though they occurred 44 years earlier).

[22] See *Steele*, 337 Ga. App. at 566 (3); Ronald L. Carlson & Michael Scott Carlson, Carlson on Evidence, p. 213 (5th ed. 2016) (Before the adoption of the new Evidence Code, Georgia law had no presumption in favor of the admission of prior sexual acts. As a result, the adoption of the new Code "will likely allow for the admission of a greater volume of this evidence at trial.").

lapses of time since they occurred, such acts were admissible as similar transactions under a more stringent three-part test.[23]

Consequently, under the circumstances presented in this case, we conclude that the prior acts of child molestation are admissible under OCGA § 24-4-414 (a). The exclusion of the prior acts evidence by the trial court was an abuse of its discretion.

---

[23] See *Pareja v. State*, 286 Ga. 117, 119, 121 (686 SE2d 232) (2009) (The Supreme Court found that an act of child molestation that occurred 26 years earlier was admissible after applying the following three-part test: The State had to have affirmatively shown that "(1) [it] seeks to admit evidence of the independent offenses or acts for an appropriate purpose [(i.e., identity, motive, plan, scheme, bent of mind and course of conduct)]; (2) there is sufficient evidence that the accused committed the independent offenses or acts; and (3) there is sufficient connection or similarity between the independent offenses or acts and the crimes charged so that proof of the former tends to prove the latter."); see also, e.g., *Dean v. State*, 321 Ga. App. 731, 734 (1) (b) (742 SE2d 758) (2013) (similar transaction evidence of acts of child molestation was properly admitted even though they occurred in 1984); *Pendley v. State*, 308 Ga. App. 821, 824-825 (2) (709 SE2d 18) (2011) (similar transaction evidence of an act of child molestation was properly admitted even though it occurred about 30 years earlier); *Cannon v. State*, 296 Ga. App. 687, 688 (2) (675 SE2d 560) (2009) (similar transaction evidence that the defendant "previously engaged in a similar pattern of 'grooming' a nine-year-old boy by giving him expensive presents and money, watching pornography, photographing him in the nude, and eventually molesting him" was admissible at trial, even though the acts occurred 15 years earlier); *Williams v. State*, 284 Ga. App. 255, 257-258 (2) (643 SE2d 749) (2007) (similar transaction evidence of acts of child molestation were properly admitted even though they occurred about 26 years earlier); *Parker v. State*, 283 Ga. App. 714, 721 (3) (642 SE2d 111) (2007) (similar transaction evidence of an act of child molestation was properly admitted even though it occurred 15 years earlier).

2. To the extent McPherson contends that the prior acts evidence was inadmissible because the State's proffer of the evidence below was too vague or otherwise insufficient, the record shows that he failed to raise this issue in the trial court. Consequently, it is deemed waived.[24]

*Judgment reversed. Doyle, C. J., and Miller, P. J., concur.*

---

[24] See *Locke's Graphic & Vinyl Signs*, 285 Ga. App. at 828 (2) (a) ("An argument not raised in the trial court is waived and cannot be raised for the first time on appeal.") (footnote omitted).