**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**September 5, 2017**

# In the Court of Appeals of Georgia

A17A0844. JACKSON v. THE STATE.

BETHEL, Judge.

Manuel Laman Jackson brings this interlocutory appeal[1] from a trial court order granting the State's request to introduce two uncharged prior sexual acts at his child molestation trial. Jackson argues that the trial court erred when it admitted the prior acts without performing the balancing test required under OCGA § 24-4-403. In light of clarifying and controlling precedent unavailable to the trial court at the time it reached its decision, we agree with Jackson. We therefore vacate the court's order and remand the case for the trial court to consider the balancing test set forth in Rule 403 in deciding whether to admit evidence of the prior acts under OCGA § 24-4-414.

---

[1] See case number A17I0076

The record shows that Jackson was indicted for child molestation and criminal attempt to commit a felony. The indictment alleges that Jackson committed an immoral and indecent act by touching the vagina of a child under the age of 16 years, and that he attempted to commit the crime of child molestation by asking the same child to open her legs so that he could take a picture of her vagina.

On July 28, 2015, the State filed a notice of intent to present evidence under OCGA §§ 24-4-404 (b), 24-4-413, and 24-4-414, seeking to introduce evidence of two uncharged acts. In the first, Jackson is alleged to have forced one of his sons, when he was approximately seven years old, to perform oral sex on Jackson. In the second, Jackson is alleged to have forced a different minor son to have sexual relations with a female minor child while Jackson watched. The State contended in its notice that this conduct would constitute the crimes of aggravated child molestation and child molestation, making the uncharged acts relevant to the charges currently pending against Jackson. Jackson opposed the State's notice, maintaining that the evidence was inadmissible pursuant to the balancing test under OCGA § 24-4-403, and he requested a pre-trial hearing to determine the admissibility of such evidence.

On June 23, 2016, the Superior Court of Bibb County conducted a hearing regarding the State's notice and Jackson's objections. Several months after the hearing, the trial court issued its order, ruling that the State would be permitted to present this evidence in accordance with the notice provided to Jackson. The trial court noted that no argument had been made that the evidence was irrelevant, instead focusing on the application of the balancing test under OCGA § 24-4-403 and whether the plain language of OCGA §§ 24-4-413 and 24-4-414 obviated the need for Rule 403 analysis. The trial court determined that applying the balancing test would "add a requirement to Rules 413 and 414 that does not otherwise exist" within the text of the statute. The trial court noted that this decision was not consistent with the federal courts' interpretation of the corresponding Federal Rules or Evidence, but opined that the "significant and substantive difference between the Federal Rules . . . and the Georgia Rules" necessitated differing results. In particular, the trial court focused on the permissive language of the Federal Rule providing that federal courts "may" admit other acts evidence and contrasted that language with the directive in the comparable Georgia rule providing that the evidence "shall be admissible." Following its order, the trial court issued a certificate of immediate review pursuant to the interlocutory appeal provisions of OCGA § 5-6-34 (b), which this Court granted.

3

The sole issue on appeal for this Court to resolve is whether the trial court must conduct the balancing test set forth in OCGA § 24-4-403 when considering the admissibility of prior sexual offenses under OCGA § 24-4-414.[2] Because this question is one of statutory interpretation, our review of this purely legal issue is de novo. *Harris v. Mahone*, 340 Ga. App. 415, 417 (1) (797 SE2d 688) (2017). We review the trial court's decision on whether to admit evidence under Rule 414 for a clear abuse of discretion. *State v. McPherson*, No. A17A0364, 2017 WL 1881013, at *3 (800 SE2d 389) (June 21, 2017).

OCGA § 24-4-414 (a) states that "[i]n a criminal proceeding in which the accused is accused of an offense of child molestation, evidence of the accused's commission of another offense of child molestation *shall* be admissible and may be considered for its bearing on any matter to which it is relevant." OCGA § 24-4-414 (a) (emphasis supplied). This provision supersedes that of OCGA § 24-4-404 (b)[3] in child molestation cases. *See Dixon v. State*, 341 Ga. App. 255, 258 (1) (800 SE2d 11)

---

[2] While the trial court analyzed whether the balancing test applies to both OCGA §§ 24-4-413 and 24-4-414, we have limited our analysis to OCGA § 24-4-414 because Jackson was charged with child molestation offenses.

[3] OCGA § 24-4-404 (b) provides the general rule for the admission of evidence of "other crimes, wrongs, or acts[.]"

4

(2017). Jackson correctly notes that the language of this Rule is slightly different from the corresponding Federal Rule of Evidence. Federal Rule 414 states, in relevant part, that "[i]n a criminal case in which a defendant is accused of child molestation, the court *may* admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant." Fed. R. Evid. 414 (a) (emphasis supplied). The State argues, and the trial court found, that the use of the word "shall" in Georgia's Rule 414 meant that qualifying evidence was to be admitted regardless of any Rule 403[4] considerations. They are mistaken.

> When we consider the meaning of a statute, we must presume that the General Assembly meant what it said and said what it meant . . . and so we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would. The common and customary usages of the words are important, but so is their context. For context, we may look to the provisions of the same statute, the structure and history of the whole statute, and the other law — constitutional, statutory, and common law alike — that forms the legal background of the statutory provision in question.

---

[4] OCGA § 24-4-403 provides that "[r]elevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

*Zaldivar v. Prickett*, 297 Ga. 589, 591 (1) (774 SE2d 688) (2015) (citations and punctuation omitted). Thus, "even if words are apparently plain in meaning, they must not be read in isolation. Instead, they must be read in the context of the statute as a whole." *Pfeiffer v. Dep't of Transp.*, 250 Ga. App. 643, 647 (2) (551 SE2d 58) (2001) (citations and punctuation omitted).

Given the express direction that evidence of prior sexual offenses committed by the defendant "shall be admissible," OCGA § 24-4-414 (a) has been "construed as creating a rule of inclusion, with a strong presumption in favor of admissibility." *McPherson*, 2017 WL 1881013, at *2 (citations and punctuation omitted).

> As this Court has held, under OCGA § 24-4-414 (a), showing a disposition toward molestation is a relevant purpose and not unfairly prejudicial in light of the nature of that conduct. Thus, evidence that a defendant engaged in child molestation in the past is admissible to prove that the defendant has a disposition of character that makes it more likely that he did commit the act of child molestation charged in the instant case.

*Id.* at *2 (citation and punctuation omitted).

Yet, even so, in *McPherson*, which was issued after the filing of the briefs in this appeal, this Court stated that evidence admissible under OCGA § 24-4-414 (a) may be excluded under Rule 403 "if the trial court concludes that its probative value

6

is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." *Id.* at *3 (citations and punctuation omitted). *McPherson* expressly relied on and incorporated Eleventh Circuit law holding that evidence admitted under Federal Rule 414 (a) must also satisfy Federal Rule 403. *Id.* at n.8 *3. *See also Dixon*, 341 Ga. App. at 260 (1) (b) (noting that Rule 403 applies to evidence admitted under OCGA § 24-4-414). Despite the difference in word choice between the two Rules, the meaning of Georgia's Rule 414 is the same as Federal Rule 414. Rule 414's provision that prior act evidence "shall be admissible" does not mean, as the State suggests, that qualifying evidence *must* be admitted. Rather, "admissible" merely means that the evidence is "*capable* of being legally admitted"[5] — that is, that it *may* be admitted. Further, we do not consider Rule 414 in isolation — rather, we look at Rule 414 within the broader context of the Evidence Code.

Thus, in the instant case, the trial court must give Jackson an opportunity to show whether the prior act evidence sought to be introduced by the State would confuse the issues, mislead the jury, waste time, or be cumulative of other evidence, or that the probative value of the evidence would otherwise be substantially outweighed by its prejudicial impact. *See McPherson*, 2017 WL 1881013, at *4 (1).

---

[5] *See* Black's Law Dictionary (8th ed. 2004), p. 50 (emphasis supplied).

7

Its failure to do so was an abuse of discretion, and therefore we vacate the trial court's order and remand the case to the trial court so that it may apply the balancing test set forth in Rule 403 in deciding whether to admit the prior acts under OCGA § 24-4-414.

*Judgment vacated and case remanded. McFadden, P. J., and Branch, J., concur.*