**FIRST DIVISION
BARNES, P. J.,
LAND, J., and PHIPPS, SENIOR APPELLATE JUDGE**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**April 17, 2023**

# In the Court of Appeals of Georgia

A23A0654. THE STATE v. BERMAN.

BARNES, Presiding Judge.

In this child molestation case, the State appeals from the trial court's order denying in part its pretrial motion to introduce evidence of prior acts of child molestation allegedly committed by the defendant, Steven Alan Berman, under OCGA § 24-4-414 ("Rule 414").[1] The State contends that the trial court abused its discretion by ruling that the evidence was inadmissible under OCGA § 24-4-403 ("Rule 403"). For the reasons discussed below, we vacate the trial court's order and remand the case for reconsideration in accordance with this opinion.

---

[1] See OCGA § 5-7-1 (a) (5) (authorizing the State of Georgia to appeal from certain pretrial orders "excluding . . . evidence to be used by the [S]tate at trial").

The record reflects that in November 2021, Berman was indicted on one count of aggravated sodomy and two counts of child molestation for the alleged sexual abuse of his biological daughter, E. B. The indictment alleged that Berman committed aggravated sodomy by engaging in a sexual act with his daughter involving her mouth and his sex organs and committed child molestation by fondling her vaginal area. The sexual abuse allegedly occurred between December 2018 and April 2021 when Berman's daughter was between eight and ten years old.

The State filed a notice of intent and motion to admit evidence of prior acts of child molestation allegedly committed by Berman against his niece, R. J., between 2003 and 2005 when she was between three and five years old. In its motion, the State requested that the following evidence be admitted at trial: the testimony of Berman's niece regarding how Berman sexually abused her; the testimony of Tim Chatman, a former special agent with the Georgia Bureau of Investigation who spoke with Berman in 2011 about the niece's allegations; the testimony of Tom Woodrum, an investigator from another district attorney's office who interviewed the niece and Berman in 2011; and "[a]ny and all other evidence which may become known to the State between the date of [the] motion and the conclusion of the trial." According to

the State, the aforementioned evidence was admissible under Rule 414 (a)[2] because it was relevant evidence of Berman's prior acts of child molestation.

In response, Berman filed a motion in limine to exclude the evidence of the prior acts of child molestation he allegedly committed against his niece. He emphasized that police records from the investigation into the niece's allegations reflected that the case was not prosecuted "due to conflicting statements" from the niece. Berman argued, among other things, that the evidence should be excluded

---

[2] Rule 414 provides in part:

(a) In a criminal proceeding in which the accused is accused of an offense of child molestation, evidence of the accused's commission of another offense of child molestation shall be admissible and may be considered for its bearing on any matter to which it is relevant.

. . .

(d) As used in this Code section, the term "offense of child molestation" means any conduct or attempt or conspiracy to engage in:

(1) Conduct that would be a violation of Code Section 16-6-4, 16-6-5, 16-12-100, 16-12-100.2, or 16-12-100.3;

(2) Any crime that involves contact between any part of the accused's body or an object and the genitals or anus of a child;

(3) Any crime that involves contact between the genitals or anus of the accused and any part of the body of a child; or

(4) Any crime that involves deriving sexual pleasure or gratification from the infliction of death, bodily injury, or physical pain on a child.

OCGA § 24-4-414.

3

under Rule 403[3] because it was unfairly prejudicial and would confuse and mislead the jury.

The trial court subsequently conducted a hearing on the admissibility of the prior acts evidence. At the hearing, the prosecutor narrowed the amount of evidence that the State sought to introduce regarding the niece's alleged child molestation by Berman, stating that the State only intended to call the niece and Investigator Woodrum as witnesses so as to avoid "confusion of the issues or cumulative evidence." The prosecutor stated that there would not be "multiple witnesses" for the prior acts evidence, and that, as a result, there would be no "confusion of the issue[s] or a delay or waste of time in that regard."

The niece, who was then 22 years old, testified at the hearing. She testified that when she was a young child, her mother often would leave her with her uncle, Berman. According to the niece, Berman would make her perform oral sex on him and would fondle her vagina when he was alone with her. The niece testified that the

---

[3] Rule 403 provides:
> Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

OCGA § 24-4-403.

sexual abuse occurred when she was between three and five years old. Several years later, she disclosed the abuse to her aunt, who then told her father, and he went to the police. The niece further testified that when the police opened an investigation, her grandparents pressured her to say that someone else sexually abused her. However, the niece reiterated that Berman was her abuser and maintained that she gave prior conflicting statements about who molested her because her "family members . . . wanted to change the story."

In addition to the testimony of the niece, the prosecutor made a proffer of evidence that the State planned to introduce through Investigator Woodrum, namely, statements that Berman made when he was interviewed in 2011 about his alleged sexual abuse of his niece. As related by the prosecutor, Berman acknowledged when interviewed that he spent time alone with his niece and stated that "they had me believing that I had molested her for a bit." The prosecutor further related that Berman admitted to touching his niece in her vaginal area when he was alone with her, that she was in diapers at the time and had a yeast infection, and that he touched her in a way that made him feel uncomfortable. According to the prosecutor, Berman's statements could be admitted into evidence through the testimony of Investigator Woodrum because he was present when Berman was interviewed.

Following the hearing, the trial court entered its order granting in part and denying in part the State's motion to admit the prior acts evidence. Specifically, the trial court determined that the niece's testimony was admissible under Rule 414 (a), but that the testimony of Special Agent Chatman and Investigator Woodrum relating to the prior offense was inadmissible under Rule 403. The State now appeals from that order.

Rule 414 (a) provides: "In a criminal proceeding in which the accused is accused of an offense of child molestation, evidence of the accused's commission of another offense of child molestation shall be admissible and may be considered for its bearing on any matter to which it is relevant." The rule is one "of inclusion, with a strong presumption in favor of admissibility." (Citation and punctuation omitted.) *State v. McPherson*, 341 Ga. App. 871, 873 (800 SE2d 389) (2017). Moreover, "Rule 414 (a) supersedes [the] general prohibition against the admission of propensity evidence" imposed by OCGA § 24-4-404 (b)[4] and is admissible to show "that the

---

[4] OCGA § 24-4-404 (b) provides in relevant part:
    Evidence of other crimes, wrongs, or acts shall not be admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . .

defendant has a disposition of character that makes it more likely that he did commit the act of child molestation charged in the instant case." (Citations and punctuation omitted.) *Wilson v. State*, 312 Ga. 174, 188 (1) (d) (860 SE2d 485) (2021).

However, even if evidence is relevant and offered for a proper purpose under Rule 414 (a), it may be excluded under Rule 403 "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." See *Wilson*, 312 Ga. at 189-191 (2) (concluding that evidence that satisfies Rule 414 may be excluded under Rule 403). Whether to exclude evidence under Rule 403 "calls for a common sense assessment of all the circumstances surrounding the previous offense, including prosecutorial need, overall similarity between the previous act and the charged offense, as well as temporal remoteness." (Citation and punctuation omitted.) *McPherson*, 341 Ga. App. at 874. See *Wilson*, 312 Ga. at 190-191 (2). And in undertaking that assessment, courts must remain mindful that Rule 403 is "an extraordinary remedy which . . . courts should invoke sparingly, and the balance should be struck in favor of admissibility." (Citation and punctuation omitted.) *Williams v. State*, 328 Ga. App. 876, 879 (1) (763 SE2d 261) (2014). "The major function of Rule 403 is to exclude

matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." (Citation and punctuation omitted.) *Olds v. State*, 299 Ga. 65, 70 (2), n. 7 (786 SE2d 633) (2016).

We review a trial court's ruling on the admissibility of evidence for an abuse of discretion. *State v. Berrien*, 364 Ga. App. 217, 225 (2) (874 SE2d 430) (2022).

> A proper application of the abuse-of-discretion review recognizes the range of possible conclusions the trial judge may reach, and that there will often be occasions in which we will affirm the evidentiary ruling of a trial court even though we would have gone the other way had it been our call. That said, while the abuse-of-discretion standard presupposes a range of possible conclusions that can be reached by a trial court with regard to a particular evidentiary issue, it does not permit a clear error of judgment or the application of the wrong legal standard.

(Citations and punctuation omitted.) *State v. Jackson*, 351 Ga. App. 675, 677 (832 SE2d 654) (2019). As we have further explained, "[a]n abuse of discretion occurs where a ruling is unsupported by any evidence of record or where that ruling misstates or misapplies the relevant law." (Citation and punctuation omitted.) *Jones v. State*, 345 Ga. App. 14, 14 (812 SE2d 337) (2018).

Here, in its order, the trial court recited that the State was requesting the admission of the niece's testimony detailing her own sexual abuse by Berman, the

testimony of Special Agent Chatman, the testimony of Investigator Woodrum, and "[a]ny and all other evidence." The trial court ruled that the niece's testimony was admissible under Rule 414 (a) because of the strong presumption of admissibility that attaches to the admission of evidence under that rule; the fact that the prior and present acts of alleged child molestation involved young victims who were family members of Berman; and the fact that the prior acts of molestation were not so remote in time as to require their exclusion. However, the trial court further ruled:

> The State wishes to present testimony from Special Agent Tim Chatman and Investigator Tom Woodrum relating to their investigation of the prior offense. The defense argues that any testimony by these individuals would be inadmissible and highly prejudicial to the Defendant. I agree. It is clear by the record that these two individuals were solely involved with the previous allegations involving [the niece]. The admission of this evidence would essentially be allowing a second trial of [the niece's] alleged sexual abuse *within* the trial for the above-captioned matter.

> Testimony from multiple parties about one separate transaction from years ago would unnecessarily confuse the jury while simultaneously unfairly prejudicing the defendant. This prejudice cannot be adequately prevented by a limiting instruction, and there is a substantial risk that the jury would confuse the previous investigations

and interviews conducted with those in the present case. The testimony from these individuals are excluded pursuant to Rule 403.

(Footnote omitted; emphasis in original.)

We conclude that the trial court abused its discretion in this case. It is true that in determining whether prior acts evidence is admissible under Rule 403, the trial court can take into account whether the amount and scope of evidence sought to be introduced would result in a "mini-trial within a trial" posing a substantial risk of jury confusion and unfair prejudice to the defendant. See *Strong v. State*, 309 Ga. 295, 317 (4), n. 23 (845 SE2d 653) (2020) (noting that the "'mini-trial' risk is . . . properly taken into account in the Rule 403 analysis of proposed other-acts evidence").[5] But

[5] Compare *United States v. Cook*, 454 F3d 938, 942 (III) (8th Cir. 2006) ("[T]he government's expansive Rule 404 (b) evidence presented the prospect of mini-trials over the events underlying three prior convictions for five relatively remote drug transactions. . . . This posed a substantial risk of distracting the jury from its central task of determining whether it was [the defendant] who possessed the distribution quantity of crack cocaine found on the night stand."); *Martinez v. Cui*, 608 F3d 54, 61 (II) (A) (1) (1st Cir. 2010) (concluding that district court did not err in excluding evidence of the defendant surgical resident's alleged prior act of sexual assault upon one of his patients under Federal Rule 403, where the prior patient's medical condition and treatment would have required "extensive explanation" through expert testimony, resulting in a trial within a trial); *United States v. Gilbert*, 229 F3d 15, 24 (II) (A) (1st Cir. 2000) (concluding, in a case involving murder charges against a nurse defendant for her alleged intentional poisoning of several patients, that the district court did not err in excluding evidence of the defendant's alleged prior attempted murder of her then-husband under Rule 403, where

in the present matter, the trial court's assessment of the mini-trial risk was not tailored to the prior acts evidence presented by the State at the hearing on its motion.

In its original motion seeking to introduce prior acts evidence under Rule 414, the State expressed its intent to introduce at trial the testimony of both Special Agent Chatman and Investigator Woodrum in addition to the niece's testimony. However, as previously noted, at the hearing on the motion, the prosecutor curtailed the amount of prior acts evidence that the State would be seeking to introduce at trial under Rule 414 to the testimony of the niece and Investigator Woodrum. And the prosecutor presented the testimony of the niece about the alleged prior acts of child molestation and made a proffer of the evidence that would be introduced through Investigator Woodrum's testimony regarding Berman's alleged incriminating statements about the prior acts. Yet, the trial court, in evaluating the risk of a "mini-trial" posed by the prior acts evidence, did not predicate its analysis on the more narrow scope of

introduction of the evidence would result in a mini-trial that included "tawdry details leading to the [couple's] bitter divorce and child custody proceedings"); with *State v. Ippisch*, No. A22A1676, 2023 Ga. App. LEXIS 17 at *11 (Ga. App. Jan. 13, 2023) (rejecting argument that introduction of the testimony of an alleged prior rape victim would create a "mini-trial" risk justifying exclusion under Rule 403). See generally *Early v. State*, 313 Ga. 667, 672 (2) (b), n. 4 (872 SE2d 705) (2022) ("Because OCGA § 24-4-403 is 'materially identical' to Federal Rule of Evidence 403, we look to federal appellate cases for guidance interpreting the federal rule.") (citation omitted).

evidence relied upon and proffered by the State at the hearing. Rather, the trial court based its inquiry on whether the introduction of testimony from both Special Agent Chatman and Investigator Woodrum about their investigation into the niece's allegations would cause the case to devolve into a mini-trial over the prior abuse allegations that would pose a substantial risk of jury confusion and unfair prejudice.

Under these circumstances, the trial court did not apply the law to the pertinent facts. Accordingly, the trial court abused its discretion, and we therefore vacate the trial court's order and remand for the court to conduct its Rule 403 inquiry in accordance with this opinion. See *White v. State*, 346 Ga. App. 448, 456 (2) (814 SE2d 447) (2018) (vacating the trial court's order and remanding for the court to conduct the proper inquiry, where the trial court misapplied the law); *Jones*, 345 Ga. App. at 14 (trial court's misapplication of the law constitutes an abuse of discretion).

*Judgment vacated and case remanded with direction. Land, J., and Senior Appellate Judge Herbert E. Phipps concur.*