**SECOND DIVISION**
**MILLER, P. J.,**
**ANDREWS and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**May 7, 2018**

# In the Court of Appeals of Georgia

A18A0771. THE STATE v. VOYLES.

ANDREWS, Judge.

This appeal is from the trial court's denial of the State's motion to introduce evidence of other DUI violations pursuant to OCGA § 24-4-417 and OCGA §§ 24-4-403 and 404 (b). We reverse.

On May 1, 2015, following a traffic stop, a Hiram police officer arrested Trenton Voyles for a violation of OCGA § 40-6-391. The arresting officer read the implied consent notice and requested Voyles to submit to a state administered breath test, but Voyles refused. On December 15, 2016, the State filed notice of intent to introduce evidence of Voyles's three other DUI arrests that occurred within four years of the May 2015 arrest. In two of those incidents, Voyles submitted to a state

administered test, but refused in the other. In two of the incidents, Voyles pled guilty to DUI, and he pled guilty to reckless driving in the other.

The circumstances of all three prior incidents were very similar to those in the instant case. At the motion hearing, the State's proffer of evidence regarding Voyles's May 2015 arrest set forth the following: 1. the arresting Hiram police officer stopped Voyles's car around 11:00 pm, for failing to maintain the lane; 2. Voyles had a strong odor of alcohol, bloodshot eyes, and slurred speech; 3. there was an open bottle of Bud Lite beer in the car; 4.Voyles denied drinking anything, but tested positive for alcohol on the portable alco-sensor; 5. after the officer read the implied consent notice, Voyles refused to submit to a state administered test of his breath. The State's proffer of evidence regarding Voyles's three prior DUI arrests showed the following: 1. all three incidents occurred at night in Paulding County; 2. all three incidents occurred within four years of the May 2015 arrest; 3. in two of the three incidents, police initiated traffic stops for improper driving; 4. in two of the three incidents, beer cans were found in Voyles's car; 5. in all three incidents, Voyles had an odor of alcohol, and in two incidents his eyes were bloodshot; 6. in two of the incidents, Voyles submitted to state administered blood tests which showed his blood alcohol

concentration was above .08, and on the other occasion he refused to submit to a test;

7. in all three incidents, Voyles admitted to having drunk beer that evening.

In denying the State's request to introduce the evidence of the three earlier arrests, the trial court held that although the evidence may be admissible under OCGA §§ 24-4-417 and 24-4-404 (b), the admission of such evidence is still limited by OCGA § 24-4-403. Applying Rule 403, the trial court then prohibited the proffered evidence on the grounds the danger of unfair prejudice substantially outweighed its probative value.

OCGA § 24-4-417 (a) (1) provides that "[i]n a criminal proceeding involving a prosecution for a violation of Code Section 40-6-391, evidence of the commission of another violation of Code Section 40-6-391 on a different occasion by the same accused shall be admissible when [t]he accused refused in the current case to take the state administered test required by Code Section 40-5-55 and such evidence is relevant to prove knowledge, plan, or absence of mistake or accident." In *State v. Frost*, 297 Ga. 296, 301 (773 SE2d 700) (2015), the Supreme Court noted that OCGA § 24-4-417 applies only in DUI cases; it only concerns the admissibility of evidence that the defendant drove under the influence on other occasions; and that it addresses the special problem of proof the State encounters in a DUI case where the defendant

3

refused to take a state administered test. The Supreme Court further noted that as the statute provided that such evidence "shall be admissible," there is a strong presumption of admissibility. Id.

"When an accused refuses the required test, his refusal generally is admissible, see OCGA § 40-6-392 (d), and a trier of fact may infer from such a refusal that, if the accused had submitted to the test, it would have shown some presence of an intoxicant." Id. at 304. But "[p]roof that the accused on prior occasions had driven under the influence of the same or similar intoxicant may strengthen substantially the inference about the presence of an intoxicant. This is so because . . . it might properly be inferred from evidence of prior occasions on which the accused had driven under the influence that the accused had an awareness that his ingestion of an intoxicant impaired his ability to drive safely. Such awareness, in turn, would offer an explanation for why the accused refused the test on this occasion, namely, that he was conscious of his guilt and knew that the test results likely would tend to show that he was, in fact, under the influence of a prohibited substance to an extent forbidden by OCGA § 40-6-391 (a)." Id. at 305.

In the instant case, the trial court acknowledged the relevancy of the proffered evidence, but nevertheless disallowed it on the grounds the danger of unfair prejudice

4

substantially outweighed the evidence's probative value. We conclude that the trial court correctly held that the admissibility of evidence under OCGA § 24-4-417 (a) could be limited by the application of OCGA § 24-4-403, but we also conclude that the trial court abused its discretion in finding the danger of undue prejudice substantially outweighed the probative value of the evidence of other occasions when Voyles drove under the influence.

In a footnote in *State v. Frost*, id. at 301-02, the Supreme Court observed that "the extent to which Rule 403 applies to Rule 417 evidence" remained an open question. But we have previously applied Rule 403 to OCGA § § 24-4-413 and 24-4-414, which similarly provide that evidence of the accused's commission of other similar offenses "shall be admissible" if relevant. See *State v. McPherson*, 341 Ga. App. 871, 874 (800 SE2d 389) (2017); *Dixon v. State*, 341 Ga. App. 255 (800 SE2d 11) (2017). We likewise find Rule 403 applicable to OCGA § 24-4-417 (a).

The trial court gave no explanation how the danger of unfair prejudice substantially outweighed the probative value of the proffered evidence in this case. "This determination lies within the discretion of the trial court and calls for a common sense assessment of all the circumstances surrounding the extrinsic offense, including prosecutorial need, overall similarity between the extrinsic act and the charged

5

offense, as well as temporal remoteness." *Dixon v. State*, id. at 260 (citation and punctuation omitted). At the motion hearing, the State demonstrated its prosecutorial need for the extrinsic act evidence, the close proximity in time between the three prior DUI arrests and the charged offense, and the overall similarity between the three prior arrests and the current charge, especially with regard to Voyles's experiences with the requested state administered tests. Under these circumstances, although some prejudice may result from admission of the prior DUI violations, there is nothing unfair about it.

"Rule 403 [is] an extraordinary remedy which the courts should invoke sparingly, and the balance should be struck in favor of admissibility. Obviously, the reason for such caution is that relevant evidence in a criminal trial is inherently prejudicial, and, as a result, Rule 403 permits exclusion only when unfair prejudice substantially outweighs probative value. The primary function of Rule 403, then, is to exclude evidence of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *Kim v. State*, 337 Ga. App. 155, 158 (786 SE2d 532) (2016) (citation omitted.) In the instant case, the probative value of the evidence of Voyles's previous DUI arrests substantially outweighed its prejudice, not the other way around, and the trial court abused its discretion in excluding that evidence.

6

*Judgment reversed. Miller. P. J., concurs. McMillian, J., concurs in judgment only.\**

**\*THIS OPINION IS PHYSICAL PRECEDENT ONLY. COURT OF APPEALS RULE 33.2(a).**