**SECOND DIVISION**
**MILLER, P. J.,**
**PIPKIN and COLVIN, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS
COURT. ALL FILINGS MUST BE SUBMITTED WITHIN
THE TIMES SET BY OUR COURT RULES.*

**June 29, 2020**

# In the Court of Appeals of Georgia

A18A0771. THE STATE v. VOYLES.

PIPKIN, Judge.

In *State v. Voyles*, 345 Ga. App. 634 (814 SE2d 767) (2018) (physical precedent only), this Court reversed the trial court's denial of the State's motion to introduce evidence of Trenton Voyles' prior driving under the influence ("DUI") violations pursuant to a notice of intent filed under OCGA § 24-4-417 and a separate notice filed under OCGA §§ 24-4-403 and 24-4-404 (b). Voyles filed a petition for certiorari to the Supreme Court of Georgia, and on July 1 2019, the court granted the petition, vacated our opinion and remanded the case back to us for reconsideration in light of *Elliott v. State*, 205 Ga. 179 (824 SE2d 265) (2019), which held evidence of a defendant's refusal to submit to a State-administered breath test may not be admitted against him or her at a criminal trial. Id. at 223 (IV) (E). See *Voyles v. State*,

2019 GA LEXIS 464 (July 1, 2019). In light of *Elliott,* we now affirm to the extent that the trial court excluded evidence of Voyles' prior refusal to take a State-administered breath test but remand to the trial court for further proceedings on the admissibility of the other prior acts evidence as more fully set forth below.

As set out in our prior opinion, on May 1, 2015, Voyles was arrested and charged with a violation of OCGA § 40-6-391. The State filed a notice of intent to introduce evidence of Voyles' three prior DUI arrests and convictions that occurred within four years of the May 2015 arrest. During two of the prior incidents, Voyles submitted to a State-administered blood test, but in the other one, which occurred on May 15, 2011, he refused to submit to a State-administered breath test. *Voyles*, 345 Ga. App. at 634. In two of the prior incidents, Voyles entered guilty pleas to DUI and in the other incident, he pleaded guilty to reckless driving. Id.

After first finding that the evidence of prior offenses "may well have some relevance," the trial court denied the State's request to introduce the evidence of the three prior arrests on the grounds that the danger of unfair prejudice substantially outweighed the probative value of the evidence under OCGA § 24-4-403. This Court reversed, concluding that the probative value of Voyles' prior DUI arrests substantially outweighed the prejudice in admitting the evidence, "not the other way

2

around[.]" *Voyles*, 345 Ga. App. at 637. In our analysis, we did not distinguish between the prior arrests, and we specifically did not consider whether the evidence that Voyles refused to submit to a State-administered breath test during the May 15, 2011 incident stood on a different footing from the evidence in the other two incidents where he submitted to a State-administered blood test.

In *Olevik v. State*, 302 Ga. 228 (806 SE2d 505) (2017), the Supreme Court of Georgia held that the protection against compelled self-incrimination provided by Article I, Section I, Paragraph XVI of the Georgia Constitution of 1983 affords a DUI suspect the right to refuse a State-administered breath test. Subsequently, and after we issued our decision in *Voyles*, the Supreme Court of Georgia specifically addressed the issue of whether a defendant's refusal to submit to a breath test may be admitted into evidence at a subsequent criminal trial and squarely held that it may not. *Elliott v. State*, 305 Ga. 179, 223 (IV) (E) (824 SE2d 265) (2019). Accordingly, to the extent the State sought to introduce evidence that Voyles refused to submit to the State's breath test, the trial court's order denying the State's request must be affirmed.

However, as the special concurrence in *Elliott* points out, the holdings of *Olevik* and *Elliott* are limited to chemical tests of a driver's *breath*, not tests of a driver's blood." (Emphasis in original), 305 Ga. at 224 (Boggs, J, concurring fully

3

and specially). In *State v. Johnson*, 354 Ga. App. 447, 454 (1) (b) (841 SE2d 91) (2020), this Court also addressed whether *Olevik* and *Elliott* prohibited admission of a suspect's refusal to consent to *blood* testing, and held that it did not. Id. Further, this Court also found that even where the accused has refused to consent to a State-administered breath test, "evidence of the existence of the arrest and other attendant circumstances, excluding the evidence rendered inadmissible by *Elliott*, may be introduced at . . . trial . . . ." Id. at 453 (1) (a).

Here, the trial court assumed the relevance of the case without specifically addressing that issue. Because the trial court did not have the benefit of the analysis of *Elliott* and *Johnson*, it did not parse out the evidence and did not conduct the analysis that a trial court is now required to undergo when faced with both inadmissible evidence of a suspect's refusal to take a breath test, and other acts evidence that may be admissible under OCGA § 24-4-404 or OCGA § 24-4-417. See *Johnson*, 354 Ga. App. at 453, 454, 457 (1) (a) & (b) and (2). Further, these considerations also impact whether the evidence satisfies the requirements of OCGA § 24-4-403, i.e., the probative value of the evidence is not substantially outweighed by its unfair prejudice. We therefore affirm the trial court's order as to the exclusion of Voyles' prior refusal to take a State-administered breath test. We vacate the order

4

as to Voyles' prior consents to blood tests and as to his May 11, 2015 arrest, references to which should not include Voyles' refusal to take a breath test, and we remand the case for further proceedings consistent with this opinion.

*Judgment affirmed in part and vacated and remanded in part. Miller, P. J., and Colvin, J., concur.*