**FOURTH DIVISION**
**DILLARD, P. J.,**
**RICKMAN and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**August 4, 2023**

# In the Court of Appeals of Georgia

A23A1154. MILLER v. THE STATE.

RICKMAN, Judge.

Following a jury trial, Jonathan William Miller was convicted of two counts of child molestation. On appeal, Miller argues that the jury's verdict is contrary to the evidence and the principles of justice and equity and is decidedly against the strong weight of the evidence. He also contends that the trial court erred by admitting into evidence his 2003 conviction for child molestation and statutory rape and by allowing a detective to impermissibly bolster the victim's testimony.

Viewed in the light most favorable to the verdict, see *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), the evidence presented at trial showed that the victim was Miller's step-daughter. From September 16, 2019, to December

3, 2019, Miller lived with the victim, who was 12 years old, and other family members.

A detective testified that he received an allegation concerning inappropriate touching between Miller and the victim. He contacted the Children's Advocacy Center and scheduled a forensic interview for the victim. At the victim's initial forensic interview, the victim did not disclose any inappropriate sexual conduct and denied that Miller ever touched her inappropriately.

A forensic interviewer testified that, during a second interview, the victim told her that she had lied in her first interview. In the second interview, the victim disclosed that Miller had touched her vaginal area, buttocks, and breasts with his hand, and touched her buttocks and vagina with his penis. A video of the victim's second forensic interview was played for the jury.

The victim, who was 14 years old at the time of trial, testified that the first time she went to the Children's Advocacy Center, she told the forensic interviewer that Miller never did anything to her because Miller told her to lie. She testified that everything she told the forensic interviewer in the second forensic interview was true.

A sexual assault nurse examiner at the Children's Advocacy Center testified that she conducted a forensic examination of the victim. The victim disclosed to the

sexual assault nurse examiner that Miller had touched her chest area, her vaginal area, and her anal area, but the results of the victim's physical examination were inconclusive.

Miller was charged with two counts of child molestation and was found guilty of both counts. He filed a motion for new trial which was denied by the trial court. This appeal followed.

1. Miller contends that he should be granted a new trial because the jury's verdicts are contrary to the evidence and the principles of justice and equity and are against the strong weight of the evidence.

"In any case when the verdict of a jury is found contrary to evidence and the principles of justice and equity, the judge presiding may grant a new trial before another jury." OCGA § 5-5-20. "The presiding judge may exercise a sound discretion in granting or refusing new trials in cases where the verdict may be decidedly and strongly against the weight of the evidence even though there may appear to be some slight evidence in favor of the finding." OCGA § 5-5-21. "When properly raised in a timely motion, these grounds for a new trial — commonly known as the 'general grounds' — require the trial judge to exercise a broad discretion to sit as a 'thirteenth juror.'" (Citation and punctuation omitted.) *Massey v. State*, 346 Ga. App. 233, 235

(2) (816 SE2d 100) (2018). "Trial courts have discretion to grant a new trial on [the general grounds] but appellate courts do not." *Plez v. State*, 300 Ga. 505, 507 (1) n. 2 (796 SE2d 704) (2017). "Our review is limited to the legal sufficiency of the evidence." Id. "Indeed, even when asked to review a trial court's refusal to grant a new trial on the general grounds, this Court must review the case under the standard set forth in *Jackson v. Virginia*." (Citation and punctuation omitted.) Id.

The indictment in this case charged Miller with child molestation in that he did "commit an immoral and indecent act to [the victim], a child under the age of sixteen years, with the intent to arouse and satisfy the sexual desires of said accused by touching the vaginal area of said child[.]" See OCGA § 16-6-4 (a) (1) ("A person commits the offense of child molestation when such person . . . [d]oes an immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person[.]"). Miller was also charged with child molestation in that he did "commit an immoral and indecent act to [the victim], a child under the age of sixteen years, with the intent to arouse and satisfy the sexual desires of said accused by touching the buttock of said child[.]"

The forensic interviewer's testimony that the victim disclosed in her second interview that Miller had touched the victim's vaginal area and buttocks and the victim's testimony that everything she told the forensic interviewer in the second interview was true were sufficient to support Miller's convictions for child molestation. See *Smith v. State*, 320 Ga. App. 408, 410-411 (1) (a) (740 SE2d 174) (2013) (holding that there was sufficient evidence to support defendant's conviction for child molestation based upon the victim's testimony). Because the evidence was sufficient to support his convictions under *Jackson v. Virginia*, this claim of error is without merit.

2. Miller argues that the trial court erred by admitting his 2003 prior conviction for child molestation and statutory rape under OCGA § 24-4-414.

"In a criminal proceeding in which the accused is accused of an offense of child molestation, evidence of the accused's commission of another offense of child molestation shall be admissible and may be considered for its bearing on any matter to which it is relevant." OCGA § 24-4-414 (a). OCGA § 24-4-414 "is a rule of inclusion, with a strong presumption in favor of admissibility." (Citation and punctuation omitted.) *State v. Palacio-Gregorio*, 361 Ga. App. 339, 343 (2) (a) (862 SE2d 605) (2021). "[T]he State can seek to admit evidence under [OCGA § 24-4-414]

5

for any relevant purpose, including propensity." (Citation and punctuation omitted.) *Dixon v. State*, 350 Ga. App. 211, 213 (1) (828 SE2d 427) (2019). "Nevertheless, the evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." (Citation and punctuation omitted.) *Palacio-Gregorio*, 361 Ga. App. at 343 (2) (a). See OCGA § 24-4-403. "But the exclusion of evidence under OCGA § 24-4-403 is an extraordinary remedy which should be used only sparingly." (Citation and punctuation omitted.) Id. "We review a trial court's decision to admit evidence under OCGA § 24-4-414 for abuse of discretion." Id.

Miller contends that the trial court found that the 2003 convictions were admissible without engaging in any analysis pursuant to OCGA § 24-4-403, and that the trial court's failure to undertake this analysis is grounds for reversal. "However, there is no requirement that the court explicitly analyze the balancing test on the record. And absent some express showing that the trial court did not understand its obligation to conduct the balancing test, we will not read such error into the trial court's ruling." (Citations and punctuation omitted.) *Wilkerson v. State*, 356 Ga. App. 831, 833 (1) (849 SE2d 677) (2020).

Miller also maintains that the probative value of his 2003 convictions was substantially outweighed by the danger of undue prejudice because the 2003

6

convictions were for offenses that were too remote in time from the charged offenses. "The more time separating the charged and prior offense, the less probative value can be assigned the extrinsic evidence." (Citation and punctuation omitted.) *Wilson v. State*, 312 Ga. 174, 192 (2) (a) (iii) (860 SE2d 485) (2021). However, "[a]s a practical matter, evidence of other sex offenses by the defendant is often probative and properly admitted, notwithstanding very substantial lapses of time in relation to the charged offense or offenses." (Citation and punctuation omitted.) Id. Here, the temporal remoteness of the prior acts does not require their exclusion. See id. (evidence of prior offenses of child molestation that occurred nearly 30 years before the charged offenses admissible); *Maner v. State*, 358 Ga. App. 21, 24 (1) (852 SE2d 867) (2020) (evidence of a prior offense that occurred 50 years before the charged offense admissible).

Finally, Miller argues that the government did not have any significant need for the evidence of his prior conviction for child molestation. However, the victim disclosed that Miller had touched her inappropriately only after denying in her first forensic interview that he had done so, and there was no physical evidence supporting her disclosure. Consequently, the State needed the evidence of Miller's prior act of child molestation to counter any attack on the victim's credibility. See *McAllister v.*

7

*State*, 351 Ga. App. 76, 84-85 (1) (c) (830 SE2d 443) (2019) ("when the defendant seeks to attack a victim's credibility, the State has an increased need to introduce evidence of prior acts.").

"In light of the strong presumption in favor of admissibility, we cannot say that the trial court abused its discretion in allowing the prior acts to be admitted." (Citation and punctuation omitted.) *Maner*, 358 Ga. App. at 25 (1).

3. Miller contends that the trial court erred in admitting testimony that impermissibly bolstered the victim's credibility. Specifically, Miller contends that the following testimony by the detective constitutes improper bolstering: "In my experience, children will be more likely to lie about not being touched versus vice versa on that." Miller argues that the clear implication is that the detective believed the victim's second interview.

"We review the admission of evidence for an abuse of discretion." *Adkins v. State*, 301 Ga. 153, 158 (3) (a) (800 SE2d 341) (2017). "A witness, even an expert, can never bolster the credibility of another witness as to whether the witness is telling the truth. Credibility of a witness is not beyond the ken of the jurors but, to the contrary, is a matter solely within the province of the jury." (Citation and punctuation omitted.) *Harris v. State*, 304 Ga. 652, 657 (2) (c) (821 SE2d 346) (2018). "When a

8

witness's statement does not directly address the credibility of another witness, however, there is no improper bolstering." *Brown v. State*, 302 Ga. 454, 460-461 (2) (b) (807 SE2d 369) (2017). Because the detective's testimony was not a direct comment on the victim's testimony, it does not constitute improper bolstering. See *Harris*, 304 Ga. at 657 (2) (c). Consequently, the trial court did not err by admitting the detective's testimony.

*Judgment affirmed. Dillard, P. J., and Pipkin, J., concur*.